IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT SWAFFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13 C 1572** |
| | ) | |
| **UNIFUND CCR PARTNERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Defendants' Unifund CCR Partners (Unifund), Credit Card Receivables Fund Inc., ZB Limited Partnership, and Pilot Receivables Management LLC motion to dismiss. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff Robert Swafford (Swafford) allegedly obtained a Citibank credit card (Credit Card) for personal, family, or household purposes. In July 2012, Unifund allegedly attempted to collect debt owed on the Credit Card and mailed a collection letter (July Letter) to Swafford on behalf of Defendant Pilot Receivables Management LLC (PRM). Unifund allegedly mailed another debt collection letter to

1

Swafford in September 2012 (September Letter). In November 2012, Unifund filed

suit against Swafford in Illinois state court. Swafford was allegedly informed that

debt was accruing interest since it was charged off by Citibank, meaning the point

that the credit card receivable was no longer carried on Citibank's books as an asset.

Swafford contends that Defendants improperly added interest to his debt for the

period between the charge off and the alleged purchase of the debt by Defendants,

and added charges to the debt for interest that Citibank had waived. Swafford

includes in his complaint claims alleging that Defendants engaged in deceptive

collection practices and in an unfair collection practice in violation of the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* (Count I), and claims

alleging a violation of the Illinois Collection Agency Act (ICAA), 225 ILCS 425/1 *et

seq.* (Count II). Defendants now move to dismiss all claims.


## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences

that favor the plaintiff, construe allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002). A plaintiff is required to include allegations in the complaint that "plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)

(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also*

*Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a

motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face,' and that '[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).


## DISCUSSION

Defendants move to dismiss the instant action, arguing Swafford lacks

standing, and arguing in the alternative that Swafford has not alleged sufficient facts

to state a valid FDCPA or ICAA claim.


## I. Illinois Collection Agency Act Claim

Defendants contend that Swafford has failed to allege sufficient facts to state a

valid claim under the Illinois Collection Agency Act claims. Swafford in his

response to the instant motion, agrees to the dismissal of the Illinois Collection

Agency Act claim. (Ans. Dis. 15). Therefore, Defendants' motion to dismiss the

Illinois Collection Agency Act claim is granted.

## II.  Standing for FDCPA Claim

Defendants argue Swafford lacks standing to bring an FDCPA claim because he failed to allege he suffered any injury-in-fact.  In order to have a "case or controversy" under Article III of the Constitution, a plaintiff must have: (1) "an injury in fact," (2) "an injury that is fairly . . . trace[able] to the challenged action of the defendant, and not . . .  th[e] result [of] the independent action of some third party not before the court," and (3) "an injury that is likely . . . [to] be redressed by a favorable decision."  *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2013 WL 2149971 (7th Cir. 2013))(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))(internal quotations omitted); *see also Freedom From Religion Foundation, Inc. v. Obama*, 641 F.3d 803, 805 (7th Cir. 2011)(stating that "[s]tanding has three components: injury, causation, and redressability"); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997)(indicating that "injuries must be 'concrete and particularized'" and "[i]ndignation that the law is not being obeyed . . . will [not] support a federal lawsuit")(internal quotations omitted)(quoting *Lujan*, 504 U.S. at 560 and *Cronson v. Clark*, 810 F.2d 662, 664 (7th Cir. 1987)).

Defendants contend that Swafford fails to allege facts that suggest that he suffered an injury-in-fact as a result of an alleged FDCPA violation.  Defendants argue that instead of alleging any direct injury to Swafford, Swafford presents allegations regarding Defendants' general business practices.  Swafford contends that he is not required to show that he suffered any actual damages in order to recover under the FDCPA.  Swafford cites *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997).

4

(Ans. Dis 5).  In *Bartlett*, the Court held that a plaintiff did not have to offer proof of actual damages in order to recover damages under the FDCPA.  *Id.* at 500.  The Court in *Bartlett*, did not however, hold that a plaintiff need not have suffered an injury in fact in order to recover under the FDCPA.  *Id.*

Swafford's allegations in the complaint reference general banking practices by Defendants and Citibank.  For example, Swafford alleges: (1) that "[a]s a standard practice . . . most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks," (2) that "[i]t is the policy and practice of Citibank to not charge interest on credit card debts between the time of chargeoff and the time of sale," (3) that "Citibank informs debt buyers that purchase Citibank accounts that finance charges were only assessed up to the date the account was charged off by Citibank, and not thereafter," and (4) "defendants add interest for the period between chargeoff and the alleged purchase by defendants."  (Compl. Par. 45, 47, 51, 55).  In response to the instant motion, Swafford attempts to rewrite the allegations in his complaint, adding Swafford individually to the general allegations of policies and practices.  (Ans. Dis. 4).  However, Swafford cannot amend his complaint in a response brief to a motion to dismiss.  Nor has Swafford filed a motion for leave to amend his complaint.  Absent allegations in the complaint that Swafford himself was subjected to conduct that violated the FDCPA, Swafford has not satisfied the constitutional standing requirement.


III.  Sufficiency of Facts for FDCPA Claim

5

Defendants argue in the alternative that, even if Swafford had standing to bring a FDCPA claim, he has failed to allege sufficient facts to state a valid FDCPA claim. The FDCPA prohibits deceptive collection practices and unfair collection practices. 15 U.S.C. § 1692e; 15 U.S.C. § 1692f. Swafford contends that Defendants engaged in deceptive and unfair collection practices because, according to Swafford, Citibank waived its rights to collect post-charge off interest on Swafford's account, and Defendants as assignees of Citibank thereafter proceeded to collect post-charge off interest. Swafford argues Citibank waived its right to collect post-charge off interest on Swafford's account when Citibank "expressly told defendants that 'finance charges were only assessed up to the date the account was charged off by Citibank, and not thereafter.'" (Ans. Dis. 12). While Swafford presents such a theory in response to the motion to dismiss, the allegations included in the complaint again do not match up with such a position.

A waiver is defined as "the voluntary and intentional relinquishment of a known right." *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009). The complaint includes allegations describing Citibank's general "policy and practice" relating to interest on credit card debts between the time of charge off and the time of sale. (Compl. Par. 44-47). For example, Swafford only references in the complaint to what Citibank generally does with "debt buyers that purchase Citibank accounts. . . ." (Compl. Par. 47). The complaint does not contain any allegation that specifically states that Citibank communicated to Defendants that Citibank decided not to charge interest on

Swafford's account and intended to waive that right. Nor are there sufficient allegations in the complaint to plausibly suggest a waiver on the part of Citibank as to its conduct specifically relating to Swafford's account. There are no allegations that Citibank acted uniformly regarding all customer accounts and it would be mere conjecture and speculation to assume that Citibank acted in a certain manner as to Swafford's account. Therefore, Defendants' motion to dismiss Swafford's FDCPA claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 18, 2013

7